# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MARY E. JUSTICE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. N22C-07-106 DJB |
| | ) | |
| THOMAS JAY BOWMAN & | ) | |
| JUSTIN P. BOWMAN, | ) | |
| Defendants. | ) | |

*On Defendant's Motion to Enforce Settlement –* **GRANTED**

Date Submitted:  February 5, 2024
Date Decided: February 22, 2024

## ORDER

This 22nd day of February, 2024, upon consideration of Defendant's Motion to Enforce Settlement, Plaintiff's Opposition, the Supplemental Affidavit of Counsel by Defendants and having not received a Reply from Plaintiff to the Affidavit of Counsel and the record of this civil action, it appears to the Court that:

1.     On July 15, 2022, the Complaint in the instant civil action was filed.[1]

2.     An Answer was filed on October 26, 2022,[2] and the case proceeded in normal fashion thereafter.   In accordance with the Superior Court Civil Rules of Procedure and the Trial Scheduling Order set, this case proceeded to mediation on September 12, 2023.[3]

---

[1] *Mary Justice v. Thomas Bowman*, Civ. Act. No. N22C-07-106 DJB, D.I. 1.
[2] D.I. 6.
[3] D.I. 17, 18.

3. Following mediation, the Court was notified that mediation was successful and the case had settled.[4] The Court confirmed with the parties that the case had settled and requested the parties file a Stipulation of Dismissal with in thirty (30) days.[5]

4. Having not heard from the parties as directed, the Court dismissed the action pursuant to Superior Court Civil Rule 41(e) on October 30, 20023.[6]

5. In response, Plaintiff's then-counsel wrote to the Court asking for the case to be reopened, as the "plaintiff ha[d] not signed any settlement release" as on November 3, 2023.[7] The Court granted this request on November 6, 2023.[8]

6. The Court next received a motion to withdraw, filed by Plaintiff's then-counsel, citing "differences of opinion" which caused irreparable conflict.[9] As an Exhibit to the motion, counsel included correspondence with the mediator confirming the case resolved at mediation.[10]

7. Defense counsel responded to the motion and simultaneously moved to enforce the settlement that was reached at mediation.[11] Argument was heard on the motion to withdraw, which was granted, but argument was postponed on the motion to enforce settlement to afford Plaintiff an opportunity to obtain new counsel. Plaintiff was given

---

[4] D.I. 18.
[5] D.I. 19.
[6] D.I. 20.
[7] D.I. 21.
[8] D.I. 22.
[9] D.I. 23,
[10] *Id.*
[11] D.I. 26.

until January 22, 2024, to obtain new counsel, or to notify the Court of a decision to proceed *pro se*. Plaintiff was directed to notify potential counsel of the pending motion to enforce settlement.[12]

8.     On January 23, 2024, the Court received a letter from Plaintiff advising that she intended to proceed *pro se* moving forward, as she was unable to obtain counsel.[13] Plaintiff did not file a formal response to the pending motion.   The Court heard argument on the Defendant's motion to enforce settlement and Plaintiff's opposition on January 30, 2024.[14]   At argument, Plaintiff raised several allegations regarding what occurred at mediation between her and former counsel.  As a result of the newly raised allegations, Defendant was given the opportunity to supplement the motion with an Affidavit of former counsel.   Plaintiff was provided the opportunity to respond to an Affidavit, if produced, within ten (10) days of its filing.[15]

9.     An Affidavit of Plaintiff's former counsel was filed with the Court on February 5, 2024, stating that a final settlement had been reached at mediation. Specifically, the Affidavit states that the settlement offer was "thoroughly explained to Ms. Justice…and [she] was advised of her net recovery from the settlement.  Ms. Justice agreed to the settlement."[16]

---

[12] D.I. 28, 29, 30.
[13] D.I. 33.
[14] D.I. 35.
[15] D.I. 35.
[16] Exh. to D.I. 35, ¶ 3.

10.     More than ten (10) days have elapsed since the filing of that letter and Affidavit and the Court has not received any response from Plaintiff.

Therefore, IT IS HEREBY ORDERED this 22nd say of February, 2024, that the Motion to Enforce Settlement is GRANTED.

_____
Danielle J. Brennan, Judge

CC:     File&Serve
        Mary E. Justice, *Pro Se*
        Jonathan O'Neill, Esquire
        Jeffrey Young, Esquire
        Yvonne Saville, Esquire